# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

JAMES CHAPLIN,

 Petitioner,

vs.

CIVIL ACTION NO.: CV207-150

DEBORAH A. HICKEY, Warden,

 Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner James Chaplin ("Chaplin"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Chaplin has responded. For the reasons which follow, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Chaplin was convicted after a jury trial in the District Court for the Middle District of Florida of possession of ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Chaplin was sentenced to 235 months' imprisonment as an armed career criminal. Chaplin filed an appeal, and the Eleventh Circuit Court of Appeals affirmed his conviction and sentence. United States v. Chaplin, 107 Fed. Appx. 184 (11th Cir. 2004).

Chaplin then filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in the Middle District of Florida. In that motion, Chaplin asserted, in relevant part, that

his trial counsel was ineffective for failing to object to the court's constructive amendment to the indictment since he was found guilty of being in possession of ammunition, not a firearm. (Gov't's Ex. A, p. 4). The trial court denied Chaplin's motion. Chaplin filed an appeal of the denial of his motion, and the Eleventh Circuit denied Chaplin a certificate of appealability.

In the instant petition, Chaplin asserts the grand jury returned an indictment charging him with being a felon in possession of both a firearm and ammunition. Chaplin contends the trial jury found him guilty of possession of ammunition, but not a firearm, in contradiction of the grand jury's findings. Chaplin avers the trial jury's verdict constructively amended the grand jury's indictment to reflect he was in possession of a firearm *or* ammunition instead of a firearm *and* ammunition. (Doc. No. 1, p. 2) (emphasis in original). Chaplin seeks the vacatur of his conviction and sentence and his immediate release from prison.

Respondent avers that Chaplin's petition should be dismissed. Respondent contends that Chaplin has not shown that he is entitled to use section 2255's savings clause to proceed under § 2241.

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate

or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255, ¶ 5 (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 Fed. Appx. 901, 904 (11th Cir. 2006).

Chaplin has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. He asserts that the remedy afforded under section 2255 is inadequate or ineffective to challenge the legality of his conviction and sentence because his claims would not be addressed by the sentencing court since any section 2255 motion he were to file with that court would be untimely. (Doc. No. 8, p. 1).

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed

consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Chaplin fails to present evidence that his claims are based on a retroactively applicable Supreme Court decision, he was convicted of a non-existent offense, or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. In fact, Chaplin made this same argument with the trial court in his previously-filed § 2255 motion. Simply because that court denied Chaplin's claims does not render section 2255's remedy inadequate or ineffective. See Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005) (stating that restrictions on the filing of successive section 2255 motions do not render the remedies afforded by that statue inadequate or ineffective). In addition, Chaplin's assertion that any section 2255 motion he might file would be barred by the one-year statute of limitations period does not render the remedy afforded by that section inadequate or ineffective. See Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1271 n.3 (11th Cir. 2000) (collecting cases which found the limitations period does not render the habeas remedy inadequate or ineffective).

Chaplin has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 Fed. Appx. 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied).

Chaplin cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Chaplin is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. Chaplin's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, should be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 16th day of June, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE